**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CAROLYN J. BRUNNER,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

        Defendant - Appellee.

No. 14-35796

D.C. No. 3:13-cv-05910-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted June 8, 2016[**]

Before:  THOMAS, Chief Judge, D. W. NELSON and LEAVY, Circuit Judges.

Carolyn J. Brunner appeals the district court's judgment remanding for

further proceedings in Brunner's action for disability insurance benefits under Title

II of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014), and we affirm.

The parties agree that the ALJ failed to specify which aspects of Brunner's testimony he found incredible or to identify specific, clear and convincing reasons for rejecting those aspects of her testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). The ALJ identified permissible considerations with at least some support in the record as the basis for the adverse credibility determination. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). As a result, the district court did not abuse its discretion in remanding for further proceedings because inconsistencies between Brunner's symptom testimony and the objective medical evidence must be resolved before a proper disability determination can be made. *See Garrison v. Colvin*, 759 F.3d 995, 1019, 1020 n.26 (9th Cir. 2014); *see also Treichler*, 775 F.3d at 1105.

Additionally, because the ALJ's residual functional capacity ("RFC") assessment was based in part on the ALJ's improper evaluation of Brunner's credibility, and the hypothetical posed to the vocational expert incorporated that RFC, the district court did not abuse its discretion in concluding that both the RFC and the step-five determination are among the outstanding issues that must be

2

resolved before a determination of disability can be made. *See Garrison*, 759 F.3d at 1020 n.26.

Finally, Brunner contends that the ALJ committed reversible error in failing to discuss the opinions of one examining doctor and a treating chiropractor. Brunner notes that the district court's Report and Recommendation states that the ALJ should assess on remand what weight, if any, these opinions should be accorded. Brunner argues that the district court must have accepted her arguments that the ALJ committed reversible error in failing to discuss these opinions. The district court's order remanding this matter cannot be reasonably read to accept or rule on Brunner's arguments regarding the ALJ's treatment of these opinions. Because the parties agreed that other bases for remand existed, and the district court remanded on those grounds, the district court was not obliged to reach the merits of the parties' dispute over whether the ALJ committed reversible error regarding these two opinions. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).[1]

**AFFIRMED.**

---

[1] Brunner's unopposed request for judicial notice is granted. Fed. R. Evid. 201(b).